UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMERALD MARINE HOLDINGS, LTD.,
BLUEWAVE INVESTMENTS, LTD., and
BLUEWAVE MARINE HOLDINGS, LTD.,

    Plaintiffs,

v.                                                    Case No: 8:16-cv-2152-T-27AEP

DAVID ANDERSON,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss (Dkt. 5), Plaintiffs' response (Dkt. 6), and Defendant's reply (Dkt. 13). Upon consideration, the Motion (Dkt. 5) is GRANTED.[1]

## I. Background

Plaintiffs, Emerald Marine Holdings, LTD ("Emerald"), Bluewave Investments, LTD ("BW Investments), and Bluewave Marine Holdings, LTD ("BW Holdings"), filed this declaratory judgment action seeking a determination of their rights, duties, and obligations owed to Defendant David Anderson ("Anderson") after receiving a demand letter from Anderson regarding injuries he sustained while employed as a captain of Emerald's vessel. Plaintiffs seek a declaration that pursuant to a choice-of-law provision in his employment agreement, Anderson waived his right to bring a Jones Act claim and an ongoing maintenance and cure claim against Plaintiffs by agreeing that

---

[1] Defendant's request for oral argument (Dkt. 11) is DENIED.

1

Republic of Marshall Islands ("RMI") law applies to the agreement.[2] The Private Yacht Captain Employment Agreement ("EA-1") between Anderson and BW Investments and Amendment to Private Yacht Captain Employment Agreement ("EA-2") between Anderson and BW Holdings are attached as exhibits to the Complaint. (Dkts. 1-1, 1-2). EA-1 includes the choice-of-law provision.

Anderson has a lawsuit pending in Pinellas County Circuit Court against Emerald, BW Holdings, and Andrew Johnson, the alleged employer of Anderson and owner of Emerald and BW Holdings. (Dkt. 5-1). In state court, he sued Emerald, BW Holdings, and Johnson for Jones Act

---

[2] The Jones Act, which was enacted primarily to overturn the common-law rule prohibiting seaman from recovering for injuries suffered due to his employer's negligence, creates a statutory negligence cause of action. *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 415 (2009). RMI code specifically adopts the "non-statutory general maritime law of the United States of America" where it does not conflict with any other law of the RMI, but it is silent regarding United States statutory law. 47 Marshall Islands Revised Code ("MIRC") § 113. RMI case law is silent regarding the Jones Act. *See* Pacific Islands Legal Information Institute, *Marshall Islands Primary Materials*, http://www.paclii.org/countries/mh.html. (searchable database); RMI Law Reports Digest for MILR (Feb. 7, 2015), http://rmicourts.org/wp-content/uploads/MILR_Digest_02_06_15.pdf; RMI Judiciary, *Recent Supreme Court Decisions*, http://rmicourts.org/supreme-court-decisions/recent-supreme-court-decisions (last modified Mar. 18, 2017); RMI Judiciary, *Selected High Court Decisions*, http://rmicourts.org/selected-high-court-decisions/ (last modified Mar. 18, 2017). The RMI, therefore, did not adopt the Jones Act. If RMI law applies to Anderson's claims, then he waived his right to bring a Jones Act claim by executing EA-1. This is not to suggest, however, that Anderson does not have other remedies available to him pursuant to RMI law.
    In the United States, "'[m]aintenance and cure is the traditional form of compensation paid to a seaman who becomes ill or injured aboard a vessel.'" *Whitman v. Miles*, 387 F.3d 68, 71 (1st Cir. 2004) (citation omitted). It refers to the payment of food and lodging ("maintenance") and necessary health-care expenses ("cure") during the seaman's recovery period. *Id.* (citations omitted). And, it applies "until the seaman is 'so far cured as possible.'" *Id.* (citations omitted). Stated differently, in the United States, maintenance and cure is not constrained by a maximum time frame.
    Plaintiffs fail to reference the RMI code that supports their position that Anderson is precluded from receiving "ongoing maintenance and cure." Assuming they contend that RMI's Merchant Seafarers Act applies, then there are maximum time limitations on payments for wages and maintenance and cure. *See* 47 MIRC Ch. 8; 47 MIRC § 836. However, the Merchant Seafarers Act does not apply to "persons employed on private yachts." 47 MIRC § 802 (b). EA-1 is a "PRIVATE YACHT CAPTAIN EMPLOYMENT AGREEMENT," and Anderson is a "Private Yacht Captain." (Dkt. 1-1 at 1, 10). If Plaintiffs do not contend that the Merchant Seafarers Act applies, but rather that RMI's Seamen's Protection Act applies, it too provides similar maximum time limitations on payments for wages and maintenance and cure. *See* 34 MIRC Ch. 2; 34 MIRC § 214. However, these provisions do not apply to a "master," meaning "any person having command of a vessel." 34 MIRC §§ 202(f), 202(h), 214(1). Anderson was a captain and responsible for "[m]anag[ing] all aspects of vessels[.]"(Dkt. 1-1 at 10).
    Assuming, without deciding, that either the Merchant Seafarers Act or the Seamen's Protection Act applies to Anderson, the captain of a private yacht, by signing EA-1, Anderson waived his right to bring a claim for "ongoing maintenance and cure," meaning maintenance and cure until he is "so far cured as possible", and he is bound by the time limitations pursuant to RMI law. *Whitman*, 387 F.3d at 71.

2

negligence, unseaworthiness, and maintenance and cure.[3] He has a separate claim against Johnson for negligence under general maritime law.[4] Anderson moves to dismiss, arguing that this Court should decline to exercise jurisdiction over this declaratory judgment action in favor of the parallel state court litigation.[5]

## II. Standard

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). It is an "enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 278 (1995). Federal courts, therefore, have discretion to entertain, stay, or dismiss a declaratory judgment action. *Id.* at 289-90. In exercising discretion to abstain from exercising jurisdiction over claims in favor of parallel litigation in state courts, there are number of factors to consider:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a

---

[3] A Jones Act claim and ongoing maintenance and cure claim are described *supra* note 3. His unseaworthiness claim is a general maritime claim for injuries suffered as a result of the unseaworthiness condition of the vessel. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 29 (1990) Traditionally, injured seamen join these claims in a single lawsuit. *Addison v. Gulf Coast Contracting Servs., Inc.*, 744 F.2d 494, 501 (5th Cir. 1984).

[4] His negligence claim under general maritime law is an alternative claim against Johnson as a non-employer. It is based on Johnson's duty to provide Anderson, as a business invitee or passenger, with prompt and adequate medical care. (Dkt. 5-1 ¶¶ 52, 55).

[5] Anderson also moves to dismiss for failure to state a claim.

3

declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330-31 (11th Cir. 2005). None of these factors are controlling and are merely "guideposts." *Id.* at 1331.

### III. Discussion

Anderson contends that this action should be dismissed in favor of his state court litigation. Plaintiffs counter that the *Ameritas* factors weigh in favor of the case remaining in federal court. The sole issue raised in this action is contract interpretation, that is, whether by executing employment agreements with a choice-of-law provision, Anderson waived his right to bring a Jones Act claim and an ongoing maintenance and cure claim against Plaintiffs. In essence, Plaintiffs seek a determination of potential defenses to Anderson's state court claims. And, while none of the *Ameritas* factors are controlling, it is prudent to consider the following factors in determining whether to dismiss this case. *Id.* at 1331.

**(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts**

The first factor considered is the strength of Florida's interest in having the issues raised in this case decided in state court. This is the only factor considered that does not weigh in favor of dismissing the action. While this action involves a Florida resident whose job location is in Florida, his claims involve principles of federal maritime law or RMI law and the Plaintiffs are foreign companies. While Florida courts are "regularly required to apply principles of federal maritime law,"

Florida does not necessarily have an interest in having these issues decided in state court.[6] *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, 298 F. App'x 813, 816 (11th Cir. 2008) (citing *see Carnival Corp. v. Carlisle*, 953 So.2d 461, 464 (Fla.2007)).

### (2) whether the judgment in the federal declaratory action would settle the controversy

The second factor, whether a judgment in this action would settle the controversy, weighs in favor of dismissal. Plaintiffs seek a determination that Anderson waived his Jones Act and ongoing maintenance and cure claims by executing EA-1 with BW Investments and EA-2 with BW Holdings. Assuming that RMI law applies and that Anderson waived these claims as to all Plaintiffs, Anderson's claim against BW Holdings for unseaworthiness and his claims against Johnson would not be resolved. RMI law recognizes the general maritime law of the United States, which includes claims for unseaworthiness, and Johnson is not a party to EA-1 or EA-2.[7] 47 MIRC § 113; *Apex*, 498 U.S. at 29. Simply put, the state court action would remain to be resolved. Because a judgment in this action would not settle the controversy, this factor weighs in favor of dismissal. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 195 (5th Cir. 1991) (affirming district court dismissal of a declaratory judgment action in favor of pending state court Jones Act claims).

### (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue

The third factor, whether this action would serve a useful purpose in clarifying the legal

---

[6] Anderson does not contend that Florida has a strong interest in deciding this case, but rather contends that the state court can resolve the issues raised in this action.

[7] Even if RMI law applies to the employment agreements, and without deciding if RMI law applies to Anderson's claims, it is worth noting that the agreements do not provide that RMI law applies to tort claims or any and all claims or disputes arising out of the relationship of the parties. *See e.g. Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1300 (11th Cir. 2003) (finding a narrow choice-of-law provision did not govern tort claims between the parties).

relations, weighs in favor of dismissal. The complaints in both actions involve similar facts with overlapping parties. The state court, however, has a complete set of parties before it. Even if this case resolves some of Anderson's claims against the Plaintiffs, the same factual issues regarding whether the agreements are applicable to Anderson's injuries, Johnson, and Emerald would likely be litigated in state court. This would result in duplicitous litigation and "'[g]ratuitous interference' with the more encompassing and currently pending state court action." *Ameritas*, 411 F.3d at 1332. Accordingly, this factor weighs in favor of dismissal.

> **(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable**

The fourth factor, whether this action constitutes procedural fencing, weighs in favor of dismissal. On June 28, 2016, Anderson sent a demand letter to Emerald, BW Holdings, and Johnson. (Dkt. 5 ¶ 9). The deadline to respond was July 28, 2016. (*Id.*) On July 26, 2016, two days before the deadline expired, Plaintiffs filed this action. (*Id.* ¶ 10). The timing suggests that this case was an anticipatory filing, essentially utilized for procedural fencing. *See e.g. Torch*, 947 F.2d at 195 (affirming district court's dismissal of a declaratory judgment action, in part, because of the suggestion of forum shopping).

Further, Anderson exercised his well-established right to bring his Jones Act claim in state court rather than federal court. *O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 43(1943). Because Plaintiffs' action arises out of the same set of facts as Anderson's Jones Act claim, this action should be dismissed. *Belle Pass Towing Corp. v. Cheramie*, 763 F. Supp. 1348, 1355 (E.D. La. 1991) ("absent bad faith on the part of the defendant-employee in the federal court, a properly filed Jones Act suit *requires* dismissal of a declaratory judgment action which arises out

6

of the same set of facts") (emphasis in original). Accordingly, this factor weighs in favor of dismissal.

### (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction

The fifth factor, whether the use of this action would increase the friction between federal and state courts, weighs in favor of dismissal. As discussed *supra*, Anderson brought his claims in state court. If Plaintiffs were permitted to proceed in this action, it would necessarily encroach on the state court's jurisdiction to hear Anderson's claims. *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 809 (5th Cir. 1992). Indeed, "'it would be uneconomical as well as vexatious . . . to proceed . . .' when the entire controversy is already being litigated in a state court that is capable of resolving the dispute." *Id.* (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)). This factor, therefore, weighs in favor of dismissal.

### (6) whether there is an alternative remedy that is better or more effective

The sixth factor, whether there is a better or more effective alternative remedy, weighs in favor of dismissal. Resolving all of Anderson's claims in state court is a more effective remedy than a piecemeal determination of some of his claims against some of the parties in federal court. Stated differently, it is more effective to have all of his claims considered by the state court. This factor weighs in favor of dismissal.

### (7) whether the underlying factual issues are important to an informed resolution of the case and (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court

The seventh and eighth factors, whether the underlying factual issues are important to an informed resolution of the case and whether the state trial court is in a better position to evaluate

7

those issues, weigh in favor of dismissal. Factual issues regarding the relationship of the parties, the relationship of the parties in the state court action, and the nature of Anderson's employment at the time of his injuries, are important for an informed resolution of the case. Assuming, but not deciding, that the choice-of-law provision applies to Anderson's claims against Plaintiffs, the state court would still determine if it applies to Emerald and Johnson. The state court, with a complete set of parties, can consider these factual issues in resolving the case. And, as discussed *supra*, Florida's state courts are well equipped to apply federal maritime law. *See Great Lakes Reinsurance*, 298 F. App'x at 816. Accordingly, these factors weigh in favor of dismissal.

### IV. Conclusion

Considering the relevant *Ameritas* factors, dismissal of Plaintiffs' declaratory judgment action is warranted. Accordingly, Anderson's Motion to Dismiss (Dkt. 5) is **GRANTED**.[8] All pending motions, if any, are **DENIED** as moot.

The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** this 28th day of April, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[8] Because this action is dismissed in favor of the parallel state court litigation, whether Plaintiffs have stated a claim is not discussed.

8